**Carl E. STEVE, Plaintiff–Appellant,**

v.

**Leo C. ARONE, Commissioner, et al., Defendants–Appellees.**

**No. 15–309.**

United States Court of Appeals, Second Circuit.

Jan. 15, 2016.

Carl E. Steve, pro se, Cheshire, CT, for Appellant.

Terrence M. O'Neill, for George Jepsen, Attorney General of the State of Connecticut, Hartford, CT, for Appellees.

PRESENT: AMALYA L. KEARSE, DENNIS JACOBS, and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Carl Steve, *pro se*, appeals from the judgment of the United States District Court for the District of Connecticut (Covello, J.) dismissing his claim for deprivation of his right to send legal mail. Steve alleges that the prison mail room interfered with his mail on one occasion by blacking out the address on a letter that was returned to him with the marking that it was returned by the addressee. The district court dismissed his complaint *sua sponte* because it concluded one isolated instance of interference with legal mail could not form the basis of a constitutional claim under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's *sua sponte* dismissal of a complaint. *Giano v. Goord,* 250 F.3d 146, 150 (2d Cir.2001). To be well-pleaded a complaint must allege enough facts to state a claim that is plausible on its face. *Cruz v. TD Bank, N.A.,* 711 F.3d 261, 267 (2d Cir.2013).

The district court properly dismissed Steve's complaint for failing to state a claim. While ordinarily a court should not dismiss a *pro se* complaint without first granting leave to amend, because the new allegations raised in Steve's appellate brief similarly are not sufficient to state a claim, we conclude that any amendment would be futile. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000).

Accordingly, and finding no merit in Steve's other arguments, we hereby **AFFIRM** the judgment of the district court.